**Slip Op. 06-145**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

FORD MOTOR CO.,

                Plaintiff,

                v.

UNITED STATES,

                Defendant.

Before:  Richard W. Goldberg,
            Senior Judge

Court No. 99-00394

## OPINION AND ORDER

[Plaintiff's motion for reconsideration is denied.]

Dated: September 29, 2006

<u>Stein Shostak Shostak Pollack & O'Hara, LLP</u> (<u>Stanley Richard
Shostak</u> and <u>Heather Christi Litman</u>) for Plaintiff Ford Motor Co.

<u>Peter D. Keisler</u>, Assistant Attorney General; <u>Barbara S.
Williams</u>, Attorney in Charge, International Trade Field Office,
Commercial Litigation Branch, Civil Division,  U.S. Department
of Justice (<u>Saul Davis</u>), for Defendant United States.

**GOLDBERG, Senior Judge**: On July 21, 2006, Plaintiff Ford Motor

Co. ("**Ford**") filed a motion, under USCIT Rule 59(e), for

reconsideration of the Court's June 21, 2006 decision <u>Ford Motor</u>

<u>Co. v. United States</u>, 30 CIT ___, 435 F. Supp. 2d 1324 (2006)

("**Ford Motor Co. I**") and the accompanying judgment order that

dismissed Ford's case for lack of subject matter jurisdiction.[1]

---

[1]  Ford also invoked USCIT Rule 60 as a ground for the Court to
reconsider its June 21, 2006 judgment.  However, a motion for
reconsideration brought within thirty days of the entry of
judgment by the U.S. Court of International Trade will be
treated as a motion to alter or amend under USCIT Rule 59(e),

In that decision, the Court had found that the precondition for the Court's 28 U.S.C. § 1581(a) jurisdiction — i.e., a valid protest under 19 U.S.C. § 1514 — was absent and the Court therefore lacked subject matter jurisdiction.  In its motion for reconsideration, Ford cited to several putative legal and factual errors in Ford Motor Co. I, and sought reinstatement of its cause of action.  Defendant U.S. Bureau of Customs and Border Protection ("**Customs**") filed a response to Ford's motion for reconsideration on September 5, 2006.  Ford filed a reply brief on September 25, 2006, and the motion is ripe for consideration.

The major grounds justifying a grant of a motion to reconsider a judgment are an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  However, even a clear legal error will not require a court to grant a motion for reconsideration where that error does not affect the

---

and not as a motion for relief under USCIT Rule 60(b).  See 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[7] (3d ed. 2005) (discussing Federal Rules of Civil Procedure 59(e) and 60(b), which are identical to USCIT Rules 59(e) and 60(b) in all relevant aspects except that the Federal Rules allow only ten days for the filing of a Rule 59(e) motion instead of thirty days).

result reached in the first instance.  See USCIT R. 61.[2]  After

reviewing Ford's motion and the Ford Motor Co. I opinion, the

Court is convinced that a clear legal error appears in Ford

Motor Co. I.  However, because that error in no way disturbs the

Court's conclusion that it lacks jurisdiction over this action,

the Court must deny Ford's motion.

For the sake of clarity, it will nonetheless be helpful to

respond to the parties' legitimate concerns relating to that

legal error, which appears in footnote 10 and its accompanying

text.  That footnote reads as follows:

> Nothing in 19 U.S.C. § 1514 prevents an importer from
> protesting a 19 C.F.R. § 177 Headquarters Ruling, see
> supra note 2, provided the strictures of Article III
> standing under the U.S. Constitution are met. Though
> the case law is sparse in this regard, examples of
> such cases do exist. See, e.g., Conair Corp. v. United
> States, 29 CIT ___, 2005 WL 1941649 (CIT 2005). In
> that case, the importer first requested and received a
> letter ruling from the Port of New York regarding the
> classification of merchandise. See N.Y. F83276 (Mar.
> 15, 2000), available at 2000 U.S. Customs N.Y. LEXIS

---

[2]  USCIT Rule 61 is the U.S. Court of International Trade's
(**"CIT"**) "harmless error" rule, and provides as follows:

> No error in either the admission or the exclusion of
> evidence and no error or defect in any ruling or order
> or in anything done or omitted by the court or by any
> of the parties is ground for granting a new trial or
> for setting aside a verdict or for vacating,
> modifying, or otherwise disturbing a judgment or
> order, unless refusal to take such action appears to
> the court inconsistent with substantial justice.  The
> court at every stage of the proceeding must disregard
> any error or defect in the proceeding which does not
> affect the substantial rights of the parties.

USCIT R.61 (emphasis added).

1803. Then, the importer requested and received reconsideration from Customs Headquarters, which affirmed NY F83276. See HQ 964361 (Aug. 6, 2001). Thereafter, the importer protested, and Customs denied the protest. Finally, the importer commenced a case in the CIT, which asserted its 28 U.S.C. § 1581(a) jurisdiction. See Conair, 29 CIT at ___, 2005 WL 1941649 at **3-4.

Ford Motor Co. I., 30 CIT at ___ n.10, 435 F. Supp. 2d at 1331. Footnote 10 supported the Court's statement that the ninety-day protest period under 19 U.S.C. § 1514(c)(3)(B) (2000) started running from Customs' decision, in a prior internal advice ruling, to consider prototype engine costs part of the "price paid or payable" for production engines. Because the Court operated under the assumption that an internal advice ruling could be protested under 19 U.S.C. § 1514(a), the expiration of the protest period was, in conjunction with the Court's finding that Ford's protest was unrelated to the L.A. Entry,[3] the reason for the Court's lack of jurisdiction.

However, the parties have brought to the Court's attention that challenges to internal advice rulings arising under 19 C.F.R. § 177 are not protestable under 19 U.S.C. § 1514(a), and therefore can never be the basis of 28 U.S.C. § 1581(a) jurisdiction.  The Court's discussion in footnote 10 incorrectly

---

[3]  The "L.A. Entry" refers to the entry on which Ford attempted to include all the unpaid duties owed on its 3.4 L Prototype Engine program.  The entry identification was Entry CE 231-5174793-0.  See Ford Motor Co. I, 30 CIT at ___, 435 F. Supp. 2d at 1326.

suggested otherwise.[4]  Instead, an internal advice ruling is not subject to judicial review until it is subsumed into the liquidation of imported merchandise, which may then properly be protested.  See United States v. Utex Int'l, Inc., 857 F.2d 1408, 1409-10 (Fed. Cir. 1988) ("'All findings involved in a district director's decision merge in the liquidation.  It is the liquidation which is final and subject to protest, not the preliminary findings or decisions of customs officers.'") (quoting R. Sturm, Customs Law & Administration § 8.3 at 32 (3d ed. 1982)); see also United States v. B. Holman, Inc., 29 CCPA 3, 14, C.A.D. 164 (1941) ("[A]ll decisions of the collector involved in the ascertaining and fixing of the rate and amount of duties chargeable against imported merchandise entered for consumption are merged in and become a part of a legal liquidation, and it is a legal liquidation only . . . against which a protest will lie."); Dal-Tile Corp. v. United States, 24 CIT 939, 945 n.12, 116 F. Supp. 2d 1309, 1315 (2000); Commonwealth Oil Ref. Co. v. United States, 67 Cust. Ct. 155, 163, C.D. 4267, 332 F. Supp. 203, 209 (1971).  Only at the moment of liquidation does an internal advice ruling become a protestable "decision of the Customs Service" as contemplated by

---

[4]  Moreover, the Conair case cited in footnote 10 did not involve a direct protest of a ruling; instead, the protested decision contained in the letter ruling was subsumed in the liquidation of the merchandise at issue.

19 U.S.C. § 1514(a).  Prior to liquidation, such a decision is not ripe for adjudication.[5]

The only reason it was necessary for the Court to examine the timeliness of the protest in Ford Motor Co. I was that the Court considered the possibility that Ford's protest could be directed to the earlier internal advice ruling as a "decision of the Customs Service" under 19 U.S.C. § 1514(a).  It is now clear that any such protest was not legally cognizable.  As Ford was not able to protest the internal advice ruling, the only way it could have brought a valid protest action under 19 U.S.C. § 1514 would have been to challenge the actual assessment of duties on the prototype engines as subsumed in the liquidation of the L.A. Entry.  However, for the reasons already discussed at length in Ford Motor Co. I, see 30 CIT at ___, 435 F. Supp. 2d at 1332-34, the liquidation of the L.A. Entry lacked any substantial nexus to the $226,458 in duties tendered by Ford.  Thus, Ford's action brought under 28 U.S.C. § 1581(a) must still fail for the same reason as stated in Ford Motor Co. I: Ford's protest was invalid because the liquidation of the L.A. Entry was not materially affected by the substance of the protested decision.

---

[5]  28 U.S.C. § 1581(h) allows an importer to challenge certain Customs rulings prior to liquidation, upon a showing of irreparable harm.  See 28 U.S.C. § 1581(h) (2000).  However, subsection (h) is addressed only to rulings relating to prospective transactions.  An internal advice ruling deals with a current transaction involving already-imported goods.  See 19 C.F.R. § 177.11(b) (2005).

The Court's <u>Ford Motor Co. I</u> opinion was in clear error, but only to the limited extent that the Court suggested that internal advice rulings may be protested under 19 U.S.C. § 1514(a).  As described above, such error was harmless.  A motion under USCIT Rule 59(e) seeks vacature or alteration of a court's judgment.  Because the Court's judgment was correct, Ford's motion for reconsideration must be denied.  The remaining arguments made by Ford either lack merit or have been waived.

In light of the foregoing, it is hereby

**ORDERED** that Ford's motion for reconsideration under USCIT Rule 59(e) is denied.

**IT IS SO ORDERED.**

/s/ Richard W. Goldberg_____
**Richard W. Goldberg**
**Senior Judge**

**Date:      September 29, 2006**
**          New York, NY**